OPINION of the Court, by
Judge Logan.
This is an action of covenant, brought by Penebaker, as guardian to the infant heirs of Michael Couchman, deceased, against Wathan, the plaintiff in error, on his covenant to repair completely, in a strong and workmanlike manner, on or before the 1st of October 1809, the ttone wall under the grist mill house of said heirs ; to raise the crib of said mill house three logs higher, and fill it in with stone ; and that he would take no timber off the land of said heirs : and assigns for breaches that the defendant did not repair the stone wal| aforesaid, nor raise the crib aforesaid three logs higher, and fill it in with stone, and that he did take timber off the land of said heirs. To which the defendant pleaded covenants performed, and thereupon the parties joined issue, and the plaintiff recovered a verdict and judgment for ⅜ 150.
It was proven in the cause that the defendant had repaired the stone wall, but not quite to the wall-plate of the house, nor as high by five or six feet as the old wall had been built, which was then entirely removed. And the counsel for the defendant then asked the witness whether the plaintiff was not well satisfied with, and did not receive the new wall ? To which question the plaintiff objected, and the court sustained the objection ; whereupon the defendant excepted, as also to the opinion of the court excluding all testimony relating to the plaintiff’s directions with respect to the manner of building the wall, or any, parol agreements about the building of said wall.
Whether the defendant had performed his covenant, was the point in issue. He had undertaken to repair the wall “ completely, in a strong and workmanlike manner.” Under the proper plea, it was incumbent on him to shew that he had done so. But he has relied on proving, not that he had performed his covenant, but that the plaintiff was satisfied with, and had received the wall, though in a different state from what by his covenant he was bound to place it. This evidence was not pertinent to the issue : it introduced a distinct agreement between the parties, and would have placed, over the solemn covenant of the defendant to complete the *100 Wall in a certain manner, a verbal agreement. As such the evidence was inadmissible on the issue joined, and properly rejected.
With regard to the new trial asked for, there does not appear any ground to have justified the granting it. The evidence shews a damage of 150 dollars, and as the wall did not appear to have been completed according to contract, and was entirely removed, which may have been owing to its not havinp been so completed, and of which the jury were the prop-r judges, it presented no ground for a new trial. Besides, there is no evidence in the record which shews the'diff rence between the work as it ought by contract to have been completed, and the state In which it was left before its removal.
It has moreover been assigned for error, that there was no court at the rendition of the verdict. It appear? that the assistant judges composed .the court, and one had left the bench at the time the jury returned with their verdict. The verdict, however, was received in the presence of the parties, or their counsel, without objection. This was surely an implied consent by both that the verdict should be received, and the jury not be unnecessarily detained. The verdict was afterwards subject to the judgment and control of the court. The jury had done all that was incumbent on them, and it ¡remained with the court to give judgment, or make such Other order as might be necessary.
The objection to the action being brought in the name of the guardian, is equally untenable. The writing declared on was in his name as guardian, and th^ action correctly brought pursuant thereto.
Judgment affirmed.